**In re 110 BEAVER STREET PARTNERSHIP, Debtor.**

**Jeff Buster, Martha Jean Eakin, Paul McGinty, Movants,**

v.

**Harold B. Murphy, Trustee.**

**110 Beaver Street Partnership, Jeff Buster, Martha Jean Eakin, Paul McGinty, Appellants,**

v.

**Goffe, Inc., Appellee.**

**Harold B. Murphy, Trustee.**

**Nos. 97–11104–CJK, CIV. A. 97–12477–RWZ, CIV. A. 98–10616–RWZ.**

United States District Court,
D. Massachusetts.

Nov. 12, 1999.

David J. Fine, Dangel, Donlan and Fine, Boston, MA, for 110 Beaver Street Partnership, Jeff Buster, Martha Jean Eakin, Paul McGinty, Appellants.

John J. Monaghan, Nicholas J. Psyhogeos, Sherburne, Powers & Needham, Boston, MA, for Goffe, Inc., Appellees.

Harold B. Murphy, Hanify & King, P.C., Boston, MA, for Harold Murphy, Trustee.

## Opinion

KEETON, District Judge.

### I. Background

The pending motions (Docket No. 43 in Civil Action No. 97–12477–RWZ and Docket No. 15 in Civil Action No. 98–10616–RWZ; *hereinafter* Docket Nos. 43 and 15) (hereinafter referred to as a single motion, as the parties have done in their submissions) concern a bankruptcy matter that has already given rise to two distinct proceedings in the district court. Appellants are the Debtor and partners of the Debtor partnership. Goffe, Inc. ("Goffe") was the primary creditor of Debtor at the time Debtor filed its Chapter 11 petition.

On or about February 7, 1997, the Debtor commenced this case by filing a voluntary Chapter 11 petition. The Debtor originally operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Appellants have appealed to U.S. District Court several orders entered by the Bankruptcy Court during the Chapter 11, and later Chapter 7, bankruptcy matter, including: (i) the appointment of a Chapter 11 Trustee; (ii) the approval of the stipulation between the Debtor and Goffe; (iii) the granting of relief from the auto-

matic stay to Goffe; (iv) the denial of employment of David Fine, Esquire, as successor counsel to the Debtor; (v) the allowance of applications for compensation filed by the Trustee and Choate, Hall & Stewart, the Debtor's original counsel; and (vi) the denial of the Debtor's motion for relief under Rule 60(b) (collectively, the "Appeals").

On November 5, 1997, appellants filed in U.S. District Court an Emergency Motion to Stay Pending Appeal (Docket No. 1 in Civil Action No. 97–12477–RWZ).

On November 28, 1997, a Clerk's certificate and bankruptcy record on appeal was received by the clerk at the U.S. District Court for notice of ·appeal from #97–11104–CJK filed in Bankruptcy Court on October 20, 1997, regarding an order entered in the Bankruptcy Court on October 7, 1997 (Docket No. 3 in Civil Action No. 97–12477–RWZ).

On September 21, 1999, Judge Zobel heard arguments on the appeals.

### II.

Pending before the court is Appellants' Emergency Motion for Stay Pending Appeal (Docket Nos. 43 and 15). I am hearing this motion as MBD judge in the absence of the judge before whom the appeals are pending.

### III.

Appellants move this court to stay the Bankruptcy Court hearing, scheduled for November 16, 1999, on Trustee Murphy's Motion to Approve Stipulation in Settlement of Claims with Goffe, Inc., et al. and to Terminate Trust. Appellants argue that a stay is necessary because the resolution by the district court of the matters before it will materially affect the structure of the settlement negotiations. That is, appellants argue that if the district court rules in appellants' favor on any of the appeals, the Trustee will be able to negotiate a settlement more favorable to the bankruptcy estate.

Appellants' argument hinges on the proposition that the district court will rule in appellants' favor on one or more of the appeals. In any case of settlement negotiations occurring in the shadow of pending decisions (rulings or findings, by judges or by juries), uncertainty about what those decisions will be affects the negotiations. In such circumstances, each side, in deciding what position is will take from time to time in the negotiations for a settlement, must determine for itself the likelihood of favorable or unfavorable decisions, must take into account its own taste for risk, and must make a decision as to estimated values of claims and defenses, and must choose what position it will take in view of its evaluations of all these variables. Of course, if a party to a settlement agreement could somehow know what decisions a United States district judge would make before the decisions are in fact made, that party would adapt its position in settlement negotiations accordingly. No party, however, has a right to an expedited decision because it wishes uncertainty resolved sooner than the district judge is prepared to decide.

Here, the Trustee is permitted by applicable law to take into account the likelihood of success of all outstanding appeals that will materially affect the bankruptcy estate, and to take a position about any particular settlement with that evaluation as part of the calculus. Appellants argue that the Bankruptcy Court's review of the settlement agreement will be "incomplete" without the benefit of the district court's ruling. Specifically, appellants argue that the Bankruptcy Court "would assign a value to appellants' claims on appeal that is a lower [sic] than the value the Bankruptcy Court would be required to assign to them if the hearing on the proposed settlement were held after the District Court issued a ruling sustaining appellants' claims." Emergency Motion, p. 3. The factual assertion may well be accurate, but not so of the conclusion that appellants therefore have a right to an immediate ruling by the

district court—even if it would necessarily be made by another district judge because the district judge before whom the appeals are pending is unavailable.

It is not appropriate for another judge of this court to intrude into and interfere with the appeals pending before Judge Zobel. The appropriate remedy for the appellants, if any remedy is appropriate, is an appeal from any order that the Bankruptcy Court enters at or following the hearing on November 16, 1999. Movants have utterly failed to show any legally or equitably cognizable harm they will suffer from the district court's adherence to these rules of fair process.

### ORDER

For the foregoing reasons, it is OR-DERED:

Appellants' Emergency Motion for Stay Pending Appeal (Docket Nos. 43 and 15) is DENIED.